**Bijai CHAND, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 04–74615, 04–76389.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

Martin Avila Robles, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Michelle E. Gorden Latour, Esquire, Jennifer Keenery, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Bijai Chand, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings to apply for adjustment of status and to reconsider its prior order summarily affirming an immigration judge's ("IJ") removal order. Chand also petitions for review of the BIA's order summarily affirming the IJ's removal order. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Toufighi v. Mukasey,* 510 F.3d 1059, 1062 (9th Cir.2007), we deny the petitions for review.

The BIA did not abuse its discretion in denying Chand's motion to reopen to apply for adjustment of status because Chand "failed to present evidence sufficient to establish that a grant of adjustment of status would be warranted in the exercise of discretion." *See Ahwazi v. INS,* 751 F.2d 1120, 1123 (9th Cir.1985) (BIA does not abuse its discretion where alien failed to offer new evidence in motion to reopen "suggesting why the BIA should exercise its discretion to adjust [the alien's] status").

In his opening brief, Chand fails to address, and therefore has waived, any challenge to the BIA's denial of his motion to

reconsider or its order summarily affirming the IJ's removal order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Chand's due process claim is unavailing.

**PETITIONS FOR REVIEW DENIED.**

Alison Drucker, Donald E. Keener, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

